and (b)(1)(C). Garza–Alemon's entire argument on appeal is "that the standard range is excessive and that his young age and family situation should have been taken into account by the court and a lower sentence imposed." We lack jurisdiction to review the sentence because it was imposed within the 78–87 month range to which the parties stipulated in a binding plea agreement entered pursuant to Fed. R.Crim.P. 11(e)(1)(C) and Garza–Alemon does not contend that the sentence was imposed in violation of law or as a result of an incorrect application of the sentencing guidelines. 18 U.S.C. § 3742(c)(1); *United States v. Littlefield,* 105 F.3d 527 (9th Cir.1997).

**DISMISSED.**

Before: PREGERSON, REINHARDT, and SILVERMAN, Circuit Judges.

MEMORANDUM **

This court's decision in *Taniguchi v. Schultz,* 303 F.3d 950 (9th Cir.2002), controls this case and precludes the habeas relief sought by Ms. Wang.

**AFFIRMED.**

**Janette WANG, aka, AI Shuang Sung, Petitioner—Appellant,**

v.

**John ASHCROFT, Attorney General, Respondent—Appellee.**

No. 00–56815.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2001.*

Submission deferred Nov. 13, 2001.

Resubmitted March 5, 2002.

Decided June 17, 2003.

**Samuel BARRIOS, Petitioner,**

v.

**John ASHCROFT,* Attorney General, Respondents.**

No. 00–70760.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States. Fed. R.App. P. 43©(2).